

DANIEL B. RAPPORT
drapport@fklaw.com
212.833.1122

October 29, 2021

**BY EMAIL & ECF**

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007-1312

    Re:    *Aurelius Capital Master, Ltd. v. The Republic of Argentina*,
No. 19 Civ. 351 (LAP) (S.D.N.Y.)

            *Adona LLC, et al., v. The Republic of Argentina*,
No. 19 Civ. 11338 (LAP) (S.D.N.Y.)

            *Novoriver S.A. v. Argentine Republic*,
No. 19 Civ. 9786 (LAP) (S.D.N.Y.)

            *ACP Master, Ltd. v. The Republic of Argentina*,
No. 19 Civ. 10109 (LAP) (S.D.N.Y.)

            *683 Capital Partners, LP v. The Republic of Argentina*,
No. 19 Civ. 10131 (LAP) (S.D.N.Y.)

Dear Judge Preska:

        We write on behalf of plaintiffs in the above-referenced actions (collectively, "Plaintiffs"), which have been coordinated for discovery. Pursuant to Rule 2.A of Your Honor's Individual Practices and SDNY Local Rule 37.2, Plaintiffs respectfully request an informal pre-motion discovery conference to address two issues with respect to the Republic of Argentina's (the "Republic") document discovery responses on which the parties have reached an impasse.[1] These issues arise in the context of extensive spoliation and delay that have already occurred. Many documents that should be available in discovery have been improperly destroyed by the Republic before and after these litigations began. And, as to documents that exist, the Republic has belatedly commenced production, with the deadline for completion just six weeks away.

        ***First***, the Republic has refused to search for certain documents relevant to the Republic's alleged bad faith concerning INDEC's failure to publish Actual Real GDP in

---

[1] The parties met and conferred on July 20, 2021 and thereafter exchanged multiple letters. The parties are continuing to confer on other issues, and Plaintiffs reserve their rights to seek additional judicial relief at the appropriate time.

Hon. Loretta A. Preska - 2 - October 29, 2021

1993 prices for 2013, thereby eliminating what the Court has held is a necessary input for calculations under the GDP Warrants. *See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 2021 WL 1177465, at *11 (S.D.N.Y. Mar. 29, 2021).

Specifically, Plaintiffs sought documents concerning INDEC's communications with other parts of the Republic concerning its Annual Program. Ex. A, Request No. 36. Under Argentine law, INDEC's Annual Program consists of "the set of duties and responsibilities related to national censuses, permanent statistics, special surveys, and the operation of national records." Ex. B § 5. In other words, the Annual Program sets forth what INDEC intends to do during the year in question, including the statistics it will publish. Furthermore, INDEC is supposed to submit its Annual Program for higher level review within the Ministry of Economy and for subsequent approval by the President. *Id.* § 2(a).

The Republic has refused to produce documents concerning the Annual Program based on its assertion that "Argentine law mandates INDEC's independence with respect to the technical matters within its jurisdiction," Ex. C, at 8; *see also* Ex. D; Ex. E, at 6; Ex. F, at 7; Ex. G, at 11-13.[2] However, regardless of the Republic's legal argument—which Plaintiffs disagree with for a variety of reasons, including that Argentine law during the relevant period required that the technical director of INDEC report to the Minister of Economy, Ex. H, art. 3[3]—Plaintiffs are entitled to discovery on relevant factual issues. Here, INDEC's communications with other parts of the Republic concerning the matters contained in the Annual Program are relevant to the parties' dispute concerning the Republic's lack of good faith. As just one example, because the Annual Program is supposed to describe INDEC's duties and responsibilities related to statistics during the year, Plaintiffs are entitled to documents showing whether the decision that INDEC would not publish 2013 Actual Real GDP in 1993 prices was reflected in the Annual Program (and if so, what were the communications concerning that important matter)—or instead was not reflected in the Annual Program and occurred through other channels, including communications with the Ministry and the President.

With respect to relevant documents concerning the Annual Program, the Republic has also improperly limited the sources and custodians from whom documents will be collected. Because Argentine law requires Presidential approval of INDEC's Annual Program, the Republic should collect relevant documents from, *inter alia*, the office of the President as well as the Chief of Cabinet (*Jefe de Gabinete de Ministros*), who is empowered, under Section 100, paragraph 1 of the Argentine Constitution, to exercise the general administration of Argentina and who is appointed by, serves at the pleasure of, and reports to the President. Ex. G, at 4. The Republic however has refused to collect documents from

---

[2] The publicly-filed versions of Exs. C and G have been redacted for the reasons described in Plaintiffs' letter of October 18. *See* Case No. 19-cv-351, Dkt. No. 52, at 2. Plaintiffs believe that the Republic's assertion of confidentiality is improper under the Protective Order.

[3] Additionally, INDEC is part of the Republic, with no separate legal status. Under Argentine law, it is "deconcentrated," *i.e.*, subject to oversight and control by the President. Ex. I § 2; Ex. H, arts. 1 & 2.

Hon. Loretta A. Preska - 3 - October 29, 2021

these sources and has maintained that it will collect documents only from the Ministry, INDEC, and SLYT—a secretariat of the Argentine President responsible for certain legal matters. *Id*.

**Second**, the Republic has refused to search for certain documents relevant to determining what 2013 Actual Real GDP in 1993 prices would have been if published by INDEC. As Plaintiffs explained during their meet and confer with the Republic, there are various ways in which their expert might address this issue, including by estimating what that missing data point would have been based on the relationship between Actual Real GDP in 1993 prices and either (i) Actual Real GDP in 2004 prices or (ii) the EMAE Index based on 1993 prices, both of which were published for the full year 2013. Ex. E, at 4.

Relevant to understanding the relationship between Actual Real GDP in 1993 prices and either Actual Real GDP in 2004 prices or the EMAE Index in 1993 prices is understanding the methodologies INDEC used to calculate Actual Real GDP in 2004 prices and the EMAE Index in 1993 prices. To that end, Plaintiffs are seeking documents concerning (i) the methodology used for calculating Actual Real GDP in 2004 prices, (ii) the methodology used for calculating the EMAE Index in 1993 prices; and (iii) any relationship between Actual Real GDP in 1993 prices and the EMAE Index in 1993 prices, including differences in methodology. Ex. A, Request Nos. 12, 24, 28.

The Republic has maintained that it will produce only a subset of the requested documents, *i.e.*, what the Republic describes as documents concerning changes between the 1993 and 2004 methodologies for Actual Real GDP. Ex. C, at 5. But that is not sufficient. Production of such a narrowly-defined set of documents would deprive Plaintiffs and their expert of the ability to draw their own conclusions as to the relationships and changes; for that Plaintiffs need to have the requested documents, even if on their faces they do not refer to "changes."

The Republic has also refused to produce documents concerning the EMAE Index methodology or its relationship to Actual Real GDP on the ground that "EMAE data is irrelevant" under the Court's prior rulings. *Id*. at 6; *see also* Ex. D; Ex. F, at 5; Ex. G, at 9. But, as Plaintiffs explained to the Republic, they are not seeking discovery regarding the EMAE Index because they intend to offer it as a substitute for Actual Real GDP in 1993 prices, but rather to "provide a basis for Plaintiffs' expert to determine what the missing figure would have been but for the Republic's breach," Ex. E, at 4, which goes to the Republic's liability and the appropriate remedy.

Plaintiffs respectfully request that the Court order the Republic to search for and produce documents responsive to the discovery requests concerning the Annual Program (including from the office of the President and the Chief of Cabinet), the methodology for calculating Actual Real GDP in 2004 prices, the methodology for calculating the EMAE Index in 1993 prices, and the relationship between Actual Real GDP in 1993 and the EMAE Index in 1993 prices.

Plaintiffs are available to participate in a conference at the Court's convenience.

Hon. Loretta A. Preska	- 4 -	October 29, 2021

> Respectfully submitted,
>
> *s/ Daniel B. Rapport*
> Daniel B. Rapport

Enclosures

cc:   Chambers (by email)
      All counsel of record in the GDP Actions (by ECF and email)

```
Counsel for the parties shall appear by telephone for a conference on
November 9, 2021 at 10:00 a.m. The dial-in for the conference is:
(877) 402-9753, access code: 6545179.  SO ORDERED.
```

*Loretta A. Preska* 11/1/2021