UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIUS CAPITAL MASTER, LTD.,  :

         Plaintiff,  :

         v.  :        Case No.:  1:19-CV-0351 (LAP)

THE REPUBLIC OF ARGENTINA,  :

         Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOVORIVER S.A.,  :

         Plaintiff,  :

         v.  :        Case No.:  1:19-CV-09786 (LAP)

ARGENTINE REPUBLIC,  :

         Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ACP MASTER, LTD.,  :

         Plaintiff,  :

         v.  :        Case No.:  1:19-CV-10109 (LAP)

THE REPUBLIC OF ARGENTINA,  :

         Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

*[CAPTION CONTINUED ON NEXT PAGE]*

## LETTER OF REQUEST FOR INTERNATIONAL
## JUDICIAL ASSISTANCE (LETTER ROGATORY)

```
- - - - - - - - - - - - - - - - - - - - - - - - - - x
683 CAPITAL PARTNERS, LP,                          :
                                                   :
                Plaintiff,                         :
                                                   :
        v.                                         :        Case No.:  1:19-CV-10131 (LAP)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
ADONA LLC, EGOZ I LLC, EGOZ II LLC,                :
MASTERGEN, LLC, ERYTHRINA, LLC,                    :
AP 2016 1, LLC, AP 2014 3A, LLC, AP                :
2014 2, LLC, AND WASO HOLDING                      :
CORPORATION,                                       :
                                                   :
                Plaintiffs,                        :        Case No.:  1:19-CV-11338 (LAP)
                                                   :
        v.                                         :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## INTRODUCTION

The United States District Court for the Southern District of New York presents

its compliments to the Argentine Ministry of Foreign Affairs, International Trade and Worship

and the appropriate judicial authority of Argentina and requests international judicial assistance

to obtain evidence to be used in a civil proceeding before this Court in the above-captioned

actions.

The United States District Court for the Southern District of New York is the

competent court of law and equity over the above-captioned actions and has jurisdiction under 28

U.S.C. § 1330.  This Court is authorized to request depositions abroad by letters of request under

28 U.S.C. § 1781(b)(2) and Chapter I of the Hague Convention on the Taking of Evidence

Abroad in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555, T.I.A.S. No.

7444.  This Court may grant reciprocal assistance by the enforcement of letters of request from the Argentine courts pursuant to its authority under 28 U.S.C. § 1782.

## ASSISTANCE REQUESTED

This Court requests the assistance described herein as necessary in the interests of justice.  Specifically, this Court requests that the appropriate judicial authority of Argentina compel Luis Alberto Suárez to provide testimony on the subject matter described in Exhibit A to this Letter of Request for International Judicial Assistance.  Testimony should be given under oath, which may be taken in accordance with domestic procedure in Argentina.  This Court requests that, to the extent possible, the appropriate judicial authority of Argentina audio and video record the testimony, in addition to transcribing the testimony in writing.[1]  This Court requests that the appropriate judicial authority of Argentina allow local Argentine counsel for Plaintiffs in the above-captioned actions (collectively, "Plaintiffs") to question Luis Alberto Suárez and allow for cross-examination.[2]  This Court requests that the appropriate judicial authority of Argentina directly inform the parties or their representatives (at the addresses provided below) of the time and place at which the testimony will take place.  This Court further requests that the appropriate judicial authority of Argentina allow Plaintiffs' United States counsel to observe the examination by videoconference.[3]

---

[1] *See* Hague Convention, Article 9 ("The judicial authority which executes a Letter of Request shall . . . . follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties").

[2] *See id.*; *see also Código Procesal Civil y Comercial de la Nación* (CPCCN), Article 442.

[3] *See* Hague Convention, Article 7 ("The requesting authority shall, if it so desires, be informed of the time when, and the place where, the proceedings will take place, in order that the parties concerned, and their representatives, if any, may be present. This information shall be sent directly to the parties or their representatives when the authority of the State of origin so requests").

**PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

The address of the person to whom the executed request is to be returned is:

The Honorable Loretta A. Preska
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America

**IDENTIFYING INFORMATION OF PARTIES AND THEIR REPRESENTATIVES**

The addresses of the parties to these proceedings and their representatives are as

follows:

| Party | Representatives |
|---|---|
| Plaintiffs Aurelius Capital Master, Ltd. and ACP Master, Ltd. | Edward A. Friedman<br>Daniel B. Rapport<br>Michael S. Palmieri<br>Jacob L. Hirsch<br>Friedman Kaplan Seiler & Adelman LLP<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 833-1100<br>Facsimile: (212) 833-1250<br><br>Ricardo Ramírez-Calvo<br>Av. Córdoba 1215, piso 8<br>1055 Ciudad de Buenos Aires<br>República Argentina<br>Telephone: (54 11) 4816 2877 |
| Plaintiff 683 Capital Partners, LP | Matthew M. Riccardi<br>H. Rowan Gaither IV<br>Perkins Coie LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, NY 10036<br>Telephone: (212) 261-6900<br>Facsimile: (212) 977-1649 |

| Plaintiff Novoriver S.A. | Evan A. Kubota<br>Javier Bleichmar<br>Bleichmar Fonti & Auld LLP<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>Telephone: (212) 789-1341<br>Facsimile: (212) 205-3961 |
|---|---|
| Plaintiffs Adona LLC, Egoz I LLC,<br>Egoz II LLC, Mastergen, LLC,<br>Erythrina, LLC, AP 2016 1, LLC,<br>AP 2014 3A, LLC, AP 2014 2, LLC, and<br>WASO Holding Corporation | Christopher J. Clark<br>Matthew S. Salerno<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 |
| Defendant Argentine Republic,<br>*also known as* the Republic of Argentina | Robert J. Giuffra, Jr.<br>Sergio J. Galvis<br>Joseph E. Neuhaus<br>Thomas C. White<br>Jonathan J. Ossip<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br><br>Amanda Flug Davidoff<br>Sullivan & Cromwell LLP<br>1700 New York Avenue, N.W. Suite 700<br>Washington, D.C. 20006<br>Telephone: (202) 956-7500<br>Facsimile (202) 293-6330 |

The address of the person from whom testimony is being requested is:

Personal:    General Arenales 470
              B 1870, Avellaneda
              Provincia de Buenos Aires
              Argentina

Business:    Julio A. Roca 609,
              Ciudad Autónoma de Buenos Aires, C1067

## SUMMARY OF THE ACTIONS[4]

Plaintiffs commenced the above-captioned civil actions in 2019 against Defendant The Republic of Argentina ("Argentina" or "the Republic"). Plaintiffs assert that the Republic breached its express and implied contractual obligations arising out of securities issued by the Republic known as U.S. Dollar-Denominated GDP-Linked Securities (the "GDP Warrants" or "Warrants"). Pursuant to the terms of the GDP Warrants, the Republic agreed to make payments to Warrant holders such as Plaintiffs when Argentina's GDP exceeded certain contractually-defined thresholds during a given calendar year. Plaintiffs contend those conditions were met for 2013 and a payment is therefore due to them for that year. Argentina disputes Plaintiffs' claims and asserts that no payment is due.

## RECIPROCITY

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Southern District of New York may provide similar cooperation and assistance to the Argentine courts in the event that the Argentine courts request similar assistance.

## REIMBURSEMENT FOR COSTS

The fees and costs incurred, which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention, will be borne by Plaintiffs.

## CONCLUSION

This Court expresses its appreciation and respectfully requests that, in the interests of justice, you compel by your proper and usual process Luis Alberto Suárez to provide testimony.

---

[4] The Court does not adopt this summary as findings of fact or law. Based solely on Plaintiffs' representations, this Court believes that justice cannot be served between the parties in the above-captioned actions unless the evidence requested herein is made available by the appropriate judicial authority of Argentina.

IT IS SO ORDERED, this _30_ day of _August_, 2022:

_Loretta A. Presky_
Hon. Loretta A. Preska
United States District Judge